FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCOS JAVIER SUAZO-MANCILLA,

    Defendant - Appellant.

No. 25-5118
(D.C. No. 4:24-CR-00397-GKF-2)
(N.D. Okla.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

———————————————————

Marcos Javier Suazo-Mancilla pleaded guilty to (1) possession of methamphetamine with intent to distribute, (2) possession of firearms in furtherance of a drug trafficking crime, and (3) being unlawfully in the United States and in possession of a firearm. The district court sentenced him to a total of 270 months in prison, with the sentence on each count falling below the statutory maximum.[1]

Suazo-Mancilla seeks to appeal his convictions and sentence. The government filed a motion to enforce the appeal waiver contained in his plea agreement.

———————————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The first two offenses carried statutory maximum sentences of life imprisonment. The statutory maximum for the third offense was fifteen years.

*See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  Suazo-Mancilla's counsel responded, citing *Anders v. California*, 386 U.S. 738, 744 (1967), stated there is no non-frivolous basis to oppose the government's motion, and moved to withdraw from representing Suazo-Mancilla. Consistent with the procedure outlined in *Anders*, we invited Suazo-Mancilla to file his own response to show why we should not enforce the appeal waiver.  His response was initially due on November 24, 2025, but he did not learn about the deadline until well after it had passed, and he requested an extension of time to file his response.  The court granted him an extension until February 24, 2026, and sua sponte extended the deadline to March 10, but to date he has not filed a response.

Under these circumstances, our duty is to examine the record and decide whether opposing the government's motion would indeed be frivolous.  *See id.*  We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1325.

***Scope of the waiver.***  Suazo-Mancilla seeks to appeal his conviction and sentence, but he waived the right to appeal unless his sentence exceeded the statutory maximum.  Because his sentence was below the statutory maximum, his waiver covers this appeal.

***Knowing and voluntary waiver.***  The plea agreement and the plea colloquy show that Suazo-Mancilla knowingly and voluntarily waived his right to appeal.

2

***Miscarriage of justice.*** Enforcing an appeal waiver will result in a miscarriage of justice only if: (1) the district court relied on an impermissible factor, such as race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 1327. Nothing in the record suggests that enforcing the appeal waiver will cause a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw as Suazo-Mancilla's attorney.

Entered for the Court

Per Curiam